STATE *vs.* PROSPER C. BEAUMIER.

Androscoggin.    Opinion January 26, 1895.

*Liquor Nuisance.    Evidence.*

If a respondent occupied a store, artfully contrived for the sale and conceal-ment of liquors, in 1892 in apparently the same manner as in 1894, and he is on trial for maintaining a liquor nuisance therein in 1894, it is admissible, in corroboration of other evidence, to prove that liquors were found there upon search in 1892. The evidence alone could not possibly establish guilt. It would indicate intention rather than fact, preparation rather than act.

The records of the assessors of taxes showing that the tenement was assessed to another person as owner or proprietor, were not admissible in behalf of the defendant. They would have no tendency to disprove that the defendant was occupying the building or maintaining a business there.

ON EXCEPTIONS.

The case appears in the opinion.

*H. W. Oakes*, county attorney, for State.
*D. J. McGillicuddy* and *F. A. Morey*, for defendant.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, WISWELL, JJ.

PETERS, C. J.    The defendant, being on trial on an indict-ment against him for maintaining a liquor nuisance in a tenement in Lewiston, offered in evidence the records of the assessors of that city, showing that the tenement was assessed to another person as owner or proprietor and not to him. Such evidence would have been hearsay merely and was inadmissible. And, if admitted, it would have no tendency towards disproving that the defendant was occupying the building or maintaining a business therein.

At the trial in January, 1894, witnesses were allowed, against the objection of the defendant, to testify to a description of the

tenement as they saw it during a search for liquors in January, 1892, on which occasion they found liquors in a "strong room" in the rear of the store, which room was so barred and fortified against any entrance thereto by officers as to require extraordinary use of force to break into it. The same witnesses testified that the rooms were in the same condition in 1894 as they were in 1892, and that the defendant was apparently in possession of the premises in the same manner as before.

We think this evidence was not of matters too remote or immaterial to be admissible. If the defendant had a "strong room" or any kind of a place on his premises for the safe concealment of illegal liquors, and it was especially fitted and arranged for that purpose in 1892, and he kept and maintained the same also in 1894, there would be some presumption of fact that the maintenance in 1894 was for the same purpose as it was in 1892. If such room served illegal purposes in 1892 it might also serve such purposes in 1894. The presumption of continuance applies. The evidence alone would not be sufficient to establish guilt. It would indicate intention rather than fact, preparation rather than act. But in connection with other circumstances it might have much probative force.

*Exceptions overruled.*